UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMANDA GROCE<br>130 West Ogden Street<br>Girardville, PA 17935<br><br>   Plaintiff,<br><br>   v.<br><br>CRACKER BARREL OLD COUNTRY STORE, INC.<br>956 Schuylkill Mall<br>Frackville, PA 17931<br><br>And<br><br>CBOCS, INC.<br>305 Hartmann Drive<br>Lebanon, TN 37087<br><br>   Defendants | JURY DEMANDED<br><br><br>No. |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

  1. Plaintiff, AMANDA GROCE (hereinafter "Plaintiff") is an adult individual residing at the above address.

  2. Defendant, CRACKER BARREL OLD COUNTRY STORE, INC. is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business at the above captioned address.

  3. Defendant, CBOCS, INC. is a business corporation organized and existing under the laws of the State of Tennessee. Both Defendants are hereinafter collectively referred to as ("Defendants").

4. At all times material hereto, Defendants are acting together, in concert, by and on each other's behalf and qualify as Plaintiff's employer pursuant to the Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act ("PHRA").

5. Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act. (See Exhibit A, a true and correct copy of a "right-to-sue" letter issued by the Equal Employment Opportunity Commission.)

6. This action is instituted pursuant to the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act and applicable federal law.

7. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

8. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

9. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendants in the Middle District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

**II. Operative Facts.**

10. On or about January 3, 2019, Defendants hired Plaintiff as a dishwasher working out of their Frackville, Pennsylvania location as captioned above.

11. In or around April of 2019, Plaintiff discovered she was pregnant.

12. Plaintiff informed Defendants' managers and Human Resources representative, Shannon McGinley.

13. Immediately following the announcement of her pregnancy, Plaintiff's scheduled hours were cut down from approximately twenty (20) to thirty (30) hours per week to ten (10) hours per week.

14. At that time, Plaintiff did not require any accommodations and was still performing her essential job duties with no issues.

15. In May of 2019, Plaintiff called Defendants' corporate discrimination hotline and made a complaint that she was being discriminated against based on her pregnancy.

16. As her pregnancy progressed, Plaintiff's OBGYN, Dr. Xenophon, deemed her pregnancy high risk, as she had had multiple prior miscarriages and had already been to the hospital several times for pre-term labor.

17. Dr. Xenophon recommended Plaintiff not do any heavy lifting.

18. In late June of 2019, Plaintiff asked if she could be moved to a light-duty position, per her physician's lifting restriction.

19. Plaintiff asked Defendants' store manager, Brian Frantz, and Ms. McGinley if she could be moved to a waitress, hostess, or cashier position.

20. Defendants declined to move her position or accommodate her restrictions in any way, and further cut her hours from ten (10) hours per week to seven (7) hours per week.

21. In July of 2019, Plaintiff made another complaint through Defendants' corporate office discrimination hotline.

22. This complaint additionally included the fact that Plaintiff was facing derogatory commentary on behalf of Defendants' manager Robert, known to Plaintiff as "Bob".

23. During almost every shift Bob would comment on Plaintiff's weight and call her fat, lazy, and swear at her even though she was still performing all of her job duties as she had been previously.

24. In August of 2019 made a third complaint to Defendants' discrimination hotline, however nothing was done and the discriminatory treatment continued.

25. On September 6, 2019, Plaintiff was having contractions, and Dr. Xenophon sent her to the hospital to be admitted.

26. Plaintiff called Defendants to say she would not be coming to her shift, as she had been admitted to the hospital.

27. Upon her return to work with a doctor's note to cover her absence, Plaintiff was presented with a write-up for "missing her shift."

28. Shortly following this incident, Dr. Xenophon directed Plaintiff to refrain from all work.

29. Plaintiff was removed from the schedule and was not called back to work, constructively terminating her employment.

30. Prior to the announcement of her pregnancy, Plaintiff had no issues or complaints with respect to her work.

31. Plaintiff had even been trained in various other positions at Defendants' locations, which she was then denied the ability to move to after the announcement of her pregnancy.

32. Plaintiff had her hours drastically cut, her reasonable light-duty accommodations refused, and her complaints if discriminatory treatment ignored.

33. At all times material, Defendants were hostile to Plaintiff's pregnant condition, and terminated her because of that animus.

34. Plaintiff was terminated in violation of the Pregnancy Discrimination Act, Title VII of the Civil Rights Act.

35. As a direct and proximate result of Defendants' conduct in terminating Plaintiff, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, pain and suffering and other damages as set forth below.

### III. Causes of Action.

#### COUNT I – EMPLOYMENT DISCRIMINATION
#### (42 U.S.C.A. § 2000e-2(a))

36. Plaintiff incorporates paragraphs 1-35 as if fully set forth at length herein.

37. Defendants took adverse action against Plaintiff by constructively terminating her employment.

38. Defendants took adverse actions against Plaintiff by drastically cutting her hours and refusing her physician's reasonable accommodations.

39. Plaintiff's status as a pregnant woman places her in a protected class.

40. Plaintiff's membership in a protected class was a motivating factor in Defendant's adverse actions and conduct.

41. As such, Defendant's conduct constitutes unlawful employment practices, under 42. U.S.C. § 2000e-2(a).

42. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss,

loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

43. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

44. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq Plaintiff demands attorneys fees and court costs.

### COUNT II--AMERICANS WITH DISABILITIES ACT
### (42 U.S.C.A. § 12101 et seq)

45. Plaintiff incorporates paragraphs 1-44 as if fully set forth at length herein.

46. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,, an employer may not discriminate against an employee based on a disability.

47. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

48. Defendants are an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

49. At all times material hereto, Plaintiff had a qualified disability, her high riskc pregnancy, as described above.

50. Defendants' aforementioned conduct are adverse actions, and were taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

51. Defendants' conduct in refusing to provide an accommodation or engage in a meaningful back and forth discussion about the need for an accommodation due to the high risk

nature of Plaintiff's pregnancy, constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

52. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

53. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

54. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys fees and court costs.

## COUNT III—PREGNANCY DISCRIMINATION ACT
### (42 U.S.C.A. § 2000(e)(k) et seq)

55. Plaintiff incorporates paragraphs 1-54 as if fully set forth at length herein.

56. At all times material hereto, and pursuant to the Pregnancy Discrimination Act an employer may not discriminate against an employee on the basis of pregnancy, childbirth or other medical conditions.

57. At all times material hereto, Plaintiff was pregnant and subject to the aforementioned adverse actions, as described above.

58. Defendants' conduct in constructively terminating and/or declining to provide Plaintiff an accommodation was a result of her pregnancy and, as such, constitutes a violation of the Pregnancy Discrimination Act, 42 U.S.C. §2000(e)(k), et seq.

59. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

60. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

61. Pursuant to the Pregnancy Discrimination Act, Plaintiff demands attorneys fees and court costs.

**COUNT IV – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**(43 P.S. § 955)**

62. Plaintiff incorporates paragraphs 1-61 as if fully set forth at length herein.

63. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq, an employer may not discriminate against an employee based on pregnancy, childbirth or related medical conditions.

64. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq, an employer may not retaliate against an employee when an employee complains about discriminatory or harassing conduct.

65. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

66. Defendants are Plaintiff's "employers" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

67. Defendants' conduct in terminating Plaintiff is an adverse action, was taken as a result of her pregnancy and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

68. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

69. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq Plaintiff demands attorneys fees and court costs.

## IV.  Relief Requested.

**WHEREFORE,** Plaintiff , AMANDA GROCE demands judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _____
**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102

Date: 12/15/2020                    Attorney for Plaintiff, Amanda Groce

# EXH. A

EEOC Form 161 (11/16)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Amanda Groce<br>130 West Ogden Street<br>Girardville, PA 17935 | From: Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2020-01848 | **Legal Unit,**<br>**Legal Technician** | **(267) 589-9700** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Jamie R. Williamson* (signature)

October 8, 2020

Enclosures(s)

**Jamie R. Williamson,**
**District Director**

*(Date Mailed)*

cc:  **CRACKER BARREL OLD COUNTRY STORE**
**Brandi McGee (For Respondent)**
**Compliance Manager**
**305 Hartmann Drive, PO Box 787**
**Lebanon, TN 37088**

Graham F. Baird, Esq.  (For Charging Party)
LAW OFFICE OF ERIC SHORE
Two Penn Center
1500 Jfk Boulevard, Suite 1240
Philadelphia, PA 19102

**INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**   --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

"Regarded as" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.